UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-10019-PBS |
| ) | |
| OMAR MOHAMED, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SARIS, D.J.,**

WHEREAS, on January 30, 2008, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging Defendant Omar Mohamed (the "Defendant") with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1);

WHEREAS, the Forfeiture Allegation of the Indictment sought the forfeiture, upon conviction of the offense alleged in Count One of the Indictment, of the firearm and ammunition involved in the commission of the offense, including but not limited to:

> a Charter Arms .38 caliber revolver bearing serial number 448172 and 5 rounds of .38 caliber ammunition (the "Property");

WHEREAS, the Indictment further provided that, if the Property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without

difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant up to the value of the Property, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c);

WHEREAS, on January 20, 2009, the Defendant pled guilty to Count One of the Indictment, thereby admitting that the Property is subject to forfeiture to the United States;

WHEREAS, based on the Defendant's guilty plea, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pleaded guilty and the Property is subject to forfeiture to the United States;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and admissions at the plea hearing, that the United States has established the requisite nexus between the Property and the offense to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, as incorporated in 28 U.S.C.

§ 2461(c).

2.   The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") shall seize and hold the Property in its secure custody and control.

3.   Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Property in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

4.   Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

5.   Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the notice referred to above shall state:(a) that any person, other than the Defendant, asserting a legal interest in the Property shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall

set forth the nature and extent of the petitioner's right, title or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim and the relief sought.

6.   Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Property. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Property.

7.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
PATTI B. SARIS
United States District Judge

Date: 4/16/09

4